IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTHONY GATES                                                    PLAINTIFF

v.                                                           No. 1:10CV45-M-A

DR. TOM LEHMAN, ET AL.                                          DEFENDANTS

## REPORT AND RECOMMENDATION

On June 1, 2010, plaintiff Anthony Gates (# 44498), an inmate in the custody of the

Mississippi Department of Corrections and currently housed at the Winston-Choctaw County

Regional Correctional Facility, appeared for a hearing as set forth in *Spears v. McCotter,* 766

F.2d 179 (5ᵗʰ Cir. 1985), to determine whether there exists a legal basis for his claim filed under

42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or

fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin*

*v. Scott*, 156 F.3d 578 (5ᵗʰ Cir. 1998)(citations omitted). The Prison Litigation Reform Act

applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Factual Allegations

The plaintiff injured his hands during a 2007 altercation with another inmate in Unit 29

of the Mississippi State Penitentiary. Prison doctors examined and treated the plaintiff's injuries,

including administering diagnostic tests with various forms of radiology and scans. The

Mississippi Department of Corrections sent the plaintiff to a free world doctor sometime between

June and August 2007. The doctor ordered that the plaintiff's arm and thumb be placed in a cast,

and after the cast was removed, the plaintiff's arm was placed in a sling. The plaintiff saw

---

[1]28 U.S.C. § 1915(g).

prison doctors at least seven times – and prison nurses treated him "numerous . . . times" for pain

and discomfort from the injury. The injury hampered the plaintiff's use of his thumb and caused

him pain. The plaintiff believes that his thumb was broken in the 2007 altercation, that it healed

improperly, and that the doctors should re-break the bone and reset it such that it will heal

properly. Indeed, the plaintiff argued so vociferously with prison doctors about his desire to

have his thumb re-broken and reset that the doctors sent him back to his cell rather than continue

examining him. The x-rays, CT scans, and bone scans did not, however, reveal any fractures –

only dislocation and ligament damage. The plaintiff frequently has received and continues to

receive ibuprofen for pain and swelling around the thumb. The plaintiff's thumb still has a knot

on it, does not move as freely as it once did, and causes him pain and discomfort.[2]

### Denial of Medical Treatment

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must

allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners

[which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth

Amendment . . . whether the indifference is manifested by prison doctors or prison guards in

intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97,

104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

The test for establishing deliberate indifference is one of "subjective recklessness as used in the

criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor

may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would

---

[2]The plaintiff testified that he was a boxer before his incarceration and was thus familiar
with injuries to his hands and fingers. It is unclear whether the injuries the plaintiff complains of
arise from boxing, the 2007 altercation, or a combination of the two.

establish that the official "knows of and disregards an excessive risk to inmate health or safety;

the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in

exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a

court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials

does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106

S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere

disagreement with medical treatment provided by prison officials does not state a claim against

the prison or its medical providers for violation of the Eighth Amendment by deliberate

indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001),

*Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case the plaintiff has repeatedly received medical treatment for his injuries, albeit

not the form of treatment plaintiff thinks he should get. Despite the objective results of imaging

tests and various doctors' diagnoses, the plaintiff insists that his thumb was broken, healed

improperly, and should be re-broken and reset. Although the court is not unsympathetic to

plaintiff's desire to have his pain and disfigurement resolved, the plaintiff's claim is no more

than his disagreement as a lay person with the medical treatment he has received from medical

professionals and thus does not rise to the level of an Eighth Amendment violation. *Id.* As such,

the undersigned respectfully recommends that this case be dismissed for failure to state a claim

upon which relief could be granted.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 4th day of June, 2010.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE